### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY JON H.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI **Acting Commissioner of Social Security,** <br><br> Defendant. | **Court No. 2:21-cv-00695-DBP** <br><br><br> **RULING & ORDER** <br><br><br> Magistrate Judge Dustin B. Pead |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record, the parties' briefs and supplemental briefs,[2] and arguments presented at a hearing held on July 28, 2022,[3] the Court finds that the Commissioner's decision is supported by substantial evidence and legally sound, and therefore concludes that the Commissioner's final decision should be AFFIRMED.[4]

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] ECF No. 17, Plaintiff's Motion for Review of Agency Action; ECF No. 18, Defendant's Memorandum in Opposition; ECF No. 20, Plaintiff's Reply Brief.

[3] ECF No. 23.

[4] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 10.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

## I.   LEGAL FRAMEWORK

### A.   Statutory and Regulatory Background

To establish that he is disabled, a claimant must show that he was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months.[5] A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."[6] The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment.[7] Whether a claimant is disabled under the Act is a decision reserved to the Commissioner.[8]

### B.   Standard of Review

The Court's review of the Commissioner's final decision is specific and narrow. The Court reviews the Commissioner's decision to determine whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[9] On judicial review, the agency's factual findings are "conclusive if supported by substantial evidence."[10] The threshold for substantial evidence is "not high"; it is "more than a

---

[5] 42 U.S.C. § 423(d)(1)(A).

[6] 42 U.S.C. § 423(d)(2)(A).

[7] 42 U.S.C. § 423(d)(5)(A).

[8] 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c).

[9] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[10] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g) (internal quotation

mere scintilla" of evidence, and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[12] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[13]

## II.   FACTUAL BACKGROUND

In December 2019, Plaintiff protectively applied for DIB, alleging disability beginning November 23, 2019, due to, among other physical impairments, a back problem and rheumatoid arthritis.[14] He pursued his disability claim to a May 2021 hearing.[15] In a May 28, 2021 decision, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[16] In making that determination, the ALJ applied the five-step sequential evaluation for determining disability in adults.[17] The ALJ found that Plaintiff's severe impairments would limit him to simple, routine, light work.[18] Specifically, the ALJ concluded that Plaintiff had the Residual Functional Capacity (RFC) to:

> [f]requently climb ramps and stairs. He can occasionally climb
> ladders and scaffolds. He can frequently balance and kneel. He

---

marks omitted)).

[11] *Id.* at 1154 (internal quotation marks omitted).

[12] *Hendron*, 767 F.3d at 954 (citation omitted).

[13] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[14] Tr. 15; Tr. 170-71; Tr. 197.

[15] Tr. 31-57.

[16] Tr. 15-24.

[17] 20 C.F.R. § 404.1520.

[18] Tr. 18.

> can occasionally stoop, crouch, and crawl. He can occasionally be exposed to hazards, such as unrestricted heights. He can frequently handle and finger bilaterally, Due to physical pain and the effects of medication, he can perform goal-oriented but not assembly line paced work.[19]

At step four the ALJ found that given ability to perform light work, Plaintiff could perform his past relevant work as a district manager, production manager or equipment manager and was therefore not disabled under the Act.[20] The agency's Appeals Council denied Plaintiff's request for review,[21] making the ALJ's decision final for purposes of judicial review.[22] This Court has jurisdiction over Plaintiff's appeal of that final decision under 42 U.S.C. § 405(g). Plaintiff filed his Motion for Review of Agency Action before this Court on April 28, 2022.[23]

### III. ANALYSIS

Plaintiff's arguments both relate to the ALJ's RFC finding. In assessing RFC—the most a claimant can do, despite limitations from symptoms caused by impairments,—the ALJ does not simply take a claimant's allegations about his symptoms at face value, nor does an ALJ simply select a medical source opinion from which he will copy limitations.[24] Instead, the ALJ considers "all of the relevant medical and other evidence," including any medical source statements in the record.[25] At the administrative hearing level of adjudication, the ALJ—and only the ALJ—

---

[19] Tr. 18-19.

[20] Tr. 23-24.

[21] Tr. 1-5.

[22] 20 C.F.R. § 404.981.

[23] ECF No. 17.

[24] 20 C.F.R. § 404.1545(a)(1).

[25] *Id.* §§ 404.1520c, 404.1545(a)(3).

assesses RFC based on that evidence.[26] Indeed, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."[27]

      Plaintiff first argues that the ALJ merely recited a list of evidence in finding that the opinions of William Bacon, M.D., were unpersuasive. But the ALJ did more than that. He explained how that evidence tied into the supportability and consistency factors: the two most important factors used to assess opinion evidence.[28] Dr. Bacon opined that Plaintiff must perform primarily seated work that involved lifting and carrying no more than five pounds; that Plaintiff needed to use a cane to ambulate; and that Plaintiff would need a break every 90 minutes.[29] The ALJ reasonably found that Dr. Bacon's opinion lacked support from his own examination notes, which showed findings that were within normal limits.[30] And, the ALJ found Dr. Bacon's opinion inconsistent with other evidence found in the record. For example, Plaintiff had some restriction in his lumbar spine range of motion, but also had negative straight leg raise testing, normal gait and station, and normal motor strength and sensation.[31] At the hearing, Plaintiff testified that he did not use a cane to ambulate, despite Dr. Bacon's opinion to the

---

[26] *Id*. § 404.1546(c).

[27]*Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

[28] Tr. 22-23; 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2). The ALJ was not required to consider other potential factors—including treatment relationship and knowledge of Social Security disability criteria and programs—unless he found two (or more) conflicting opinions equally well-supported and equally consistent with the record.

[29] Tr. 22 (citing Tr. 626-32; Tr. 836-37).

[30] Tr. 22-23 (citing Tr. 820; Tr. 928-30); *see also* 20 C.F.R. § 404.1520c(c)(1).

[31] Tr. 23 (citing Tr. 971).

contrary.[32] The ALJ reasonably found that Plaintiff's lumbar spine imaging showed only mild abnormalities, which was inconsistent with Dr. Bacon's more extreme limitations.[33] As a result, the ALJ's assessment of Dr. Bacon's opinion is substantially supported by the evidence he discussed, and that assessment finds additional support in the prior administrative medical findings and analyses of the State agency medical consultants, Dr. Kim Heaton and Dr. Lewis Barton, as well as the ALJ's analysis of those doctors' findings.[34]

Plaintiff raises the same concern about the ALJ's subjective symptom testimony assessment, arguing that the ALJ merely provided citations to the evidence without analysis. Here, the Court does not need to stretch to find inferences supporting the ALJ's finding that Plaintiff's subjective statements about the intensity, persistence, and limiting effects of his impairments were inconsistent with other evidence found in the record. Indeed, in support of his subjective symptom testimony assessment, the ALJ cited much of the same evidence he had in support of his assessment of Dr. Bacon's opinion. Although the ALJ's findings about the consistency of Plaintiff's subjective symptom testimony are interspersed throughout the ALJ's decision, the discussion is sufficient to allow the Court to follow the ALJ's reasoning.[35] These

---

[32] *Id.* (citing Tr. 41).

[33] *Id.* (citing Tr. 820 Tr. 1060).

[34] Tr. 22 (citing Tr. 65-66; Tr. 77-79.) Drs. Heaton and Barton found that Plaintiff could perform activities consistent with light work, as long as he did not receive concentrated exposure to workplace hazards.

[35] *Scott v. Berryhill*, 695 F. App'x 399, 404–05 (10th Cir. 2017) (unpublished) ("The ALJ made extensive findings concerning Ms. Scott's credibility [subjective symptom testimony]). In 2016, the agency phased out its shorthand use of the word "credibility" as a stand-in for subjective symptom testimony analysis. SSR 16-3p "eliminat[es] the use of the term 'credibility' from our sub regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an

findings are scattered throughout her decision. When considered together, they demonstrate the ALJ's compliance with her duty to evaluate and discuss factors relevant to the claimant's credibility.

In short, even if Plaintiff could marshal some evidentiary support for different, more restrictive RFC findings, under the substantial evidence standard the Court would be required to uphold the ALJ's at-least-equally reasonable interpretation.[36] Because the ALJ's findings are supported by substantial evidence, the Court defers to the presiding ALJ, "who has seen the hearing up close."[37]

## IV. CONCLUSION

For the reasons stated above, the ALJ's decision is supported by substantial evidence and is legally sound and is therefore AFFIRMED. Consistent therewith, Plaintiff's Motion for Review of Agency Action is DENIED.[38]

Dated this 24th day of August, 2022.

_____
DUSTIN B. PEAD
Chief United States Magistrate Judge

---

examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation." 2017 WL 5180304, at *1.

[36] *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007) (on substantial evidence review, the court does not re-weigh the evidence or substitute its judgment for that of the Commissioner).

[37] *Biestek*, 139 S. Ct. at 1157.

[38] ECF No. 17. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).